IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES COSGROVE,

                    Plaintiff,
                                        CIVIL ACTION
            vs.                         No. 08-3200-SAC

BUREAU OF PRISONS, et al.,

                    Defendants.


ORDER

    This matter is before the court on a Bivens[1] complaint filed by a prisoner incarcerated in the United States Penitentiary in Inez, Kentucky (USP-Big Sandy), and plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    *Motion for Leave to Proceed in Forma Pauperis*

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action.  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to the court by plaintiff or on his behalf must first be applied to

_____

    [1]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

plaintiff's outstanding fee obligations,[2] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee.  Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Motion for Recusal*

Also before the court is plaintiff's motion for recusal of the undersigned judge.  Plaintiff points to a previous action in which the undersigned judge denied plaintiff's motion for recusal and transfer of the action to another judge and dismissed the complaint as time barred.  Cosgrove v. KS Dept. of Social & Rehab Services, Case No. 07-2125-SAC-GLR, *appeal pending* (10th Cir. Appeal No. 08-3101).  Plaintiff alleges the undersigned judge is biased against him, and contends it is unjust for the undersigned judge to continue in the present matter while appellate review of the recusal decision in that previous action is pending.

The statutes implicated by plaintiff's motion are 28 U.S.C. § 455 (disqualification of a judge) and 28 U.S.C. § 144 (recusal). As detailed by the Tenth Circuit:

> "28 U.S.C. § 455(a) and (b)(1) ... requires a judge to
> disqualify himself if 'his impartiality might reasonably
> be questioned" or if "he has a personal bias or prejudice
> concerning a party.'  The trial judge must recuse himself

---

[2]*See* Cosgrove v. Department of Social and Rehabilitation Services, Case No. 04-3398-SAC (remainder of $150  district court filing fee)and ($255 appellate filing fee).

2

when there is the appearance of bias, regardless of whether there is actual bias. <u>Nichols v. Alley</u>, 71 F.3d 347, 350 (10th Cir. 1995). 'The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.' <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987)(citation omitted). If the issue of whether § 455 requires disqualification is a close one, the judge must be recused. <u>Nichols</u>, 71 F.3d at 352.

On the other hand, a judge also has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.' <u>Id</u>. at 351. The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice. <u>Switzer v. Berry</u>, 198 F.3d 1255, 1258 (10th Cir. 2000); <i>see also</i> <u>United States v. Cooley</u>, 1 F.3d 985, 993 (10th Cir. 1993)('The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.')."

<u>Bryce v. Episcopal Church in the Diocese of Colorado</u>, 289 F.3d 648, 659-60 (10th Cir. 2002).

Here, plaintiff advances only conclusory claims of bias and improper conduct by the undersigned judge, and contends his pending appeal in the earlier filed case warrants the assignment of a different judge in the instant matter. The court disagrees, and finds plaintiff's motion is insufficient to cause a reasonable person with knowledge of all relevant facts to harbor doubts about the impartiality of the undersigned judge. Plaintiff's motion for

3

recusal and reassignment of this action is denied.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In his complaint, plaintiff states he was assaulted by two guards (Defendants Luthe and Bellar) at the United States Penitentiary in Leavenworth, Kansas (USP-LVN) on December 29, 2006,[3] and that this excessive use of force violated his rights under the Eighth Amendment. Plaintiff also claims USP-LVN defendants retaliated against him by thereafter causing him to be transferred to USP-Big Sandy. On these claims and allegations, plaintiff seeks damages and a declaratory judgment that the USP-LVN defendants violated his constitutional rights. The defendants named in the complaint are USP-LVN Officers Bellar and Luthe regarding the

---

[3]Plaintiff filed a motion (Doc. 3) requesting a court order for the preservation and release of the surveillance monitoring video of the assault. Plaintiff documents a United States Congressman's inquiry regarding this videotape evidence, which the Bureau of Prisons refused to release and noted plaintiff's request under the Freedom of Information Act which provided for an appeal of any decision to deny plaintiff the requested evidence.

In a subsequent pleading (Doc. 8), plaintiff states he was assaulted by Chief Psychologist Dr. King at USP-Big Sandy on August 1, 2008. For purposes of future litigation, plaintiff broadly requests the preservation of all videotape, photographic and documentary evidence related to that assault and to his confinement at USP-Big Sandy. Nothing in this motion addresses plaintiff's claims in his complaint regarding his confinement at USP-LVN. Plaintiff's motion is denied.

alleged assault, and twelve additional USP-LVN officials, officers, and staff regarding the alleged retaliatory transfer.

A.  Officers Bellar and Luthe

Plaintiff claims USP-LVN Officers Bellar and Luthe applied unnecessary and excessive force against him, and then covered up this misconduct by filing false disciplinary reports against him that charged plaintiff with assault and threats against the officers, and refusing to obey an order. Plaintiff's exhibits document that he was found guilty of these offenses, and that the sanction imposed for each offense included the loss of good time. Plaintiff cites an FBI investigation of the incident, which resulted in no criminal charges filed against plaintiff or either officer.

Plaintiff's rights under the Eighth Amendment were clearly implicated if either defendant's use of excessive force was malicious and sadistic rather than a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 7 (1992). *See also* Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993) ("[A]n inmate has a constitutional right to be secure in her bodily integrity and free from attack by prison guards."). However, because the validity of plaintiff's disciplinary adjudications would be necessarily implicated if plaintiff were to prevail on any of his allegations against these two defendants, and because the disciplinary sanctions imposed impacted the duration of plaintiff's confinement, no cause of action against these defendants arises until plaintiff can first demonstrate the disciplinary adjudications have been overturned, reversed, or otherwise vacated. *See* Heck v.

5

Humphrey, 512 U.S. 477 (1994)(when prisoner seeks damages in § 1983 action district court must consider whether judgment in prisoner's favor would necessarily imply the invalidity of the prisoner's conviction or sentence, and if so, must dismiss the complaint unless th prisoner can demonstrate the conviction or sentence has been invalidated). *See also* Edwards v. Balisok, 520 U.S. 641 (1997)(Heck applies to prison discipline involving the loss of good time credits); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Heck applies to Bivens claims).

B.  Remaining USP-LVN Defendants

Plaintiff states he was transferred from USP-LVN, a medium security facility, to a maximum security facility (USP-Big Sandy) in Kentucky.  He broadly claims all named USP-LVN defendants conspired to effect this transfer, in retaliation for plaintiff stating he would be filing administrative grievances and a lawsuit against USP-LVN Officers Bellar and Luthe.

The mere fact that plaintiff was transferred provides no factual or legal basis for a claim of constitutional deprivation, because it is well established that a prisoner has no right to choose his place of confinement, and may be transferred for any reason or no reason at all. *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983)(prisoner has no constitutional right to be incarcerated in any particular facility or state).  No pre-hearing transfer is required, because there is no recognized liberty interest in an assignment at a particular prison.  Meachum v. Fano, 427 U.S. 215 (1976).

It is also well established that prison may not retaliate against a prisoner based upon the prisoner's exercise of his constitutional rights.   Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006).   "However, an inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."   Id.   In the present case, plaintiff's stated intention to seek administrative and legal redress against two USP-LVN officers following the December 2006 assault, and plaintiff's transfer thereafter to a more secure facility, is an insufficient factual basis to plausibly infer that he would not have been transferred "but for" his stated intent to seek administrative and legal review, rather than the incident itself and the resulting disciplinary action.   Conclusory claims of conspiracy and retaliation are insufficient to state a valid claim. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989); Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).

*Motions for Preservation of Evidence*

Plaintiff's motion for the preservation and production of evidence relevant to his allegations against USP-LVN defendants is denied without prejudice, as are plaintiff's similar request for the preservation and production of evidence relevant to his allegations and possible future claims against defendants at USP-Big Sandy who are not parties in this action.   The court notes plaintiff's supplemental pleadings as providing notice and updated information concerning plaintiff's allegations of retaliation by BOP staff at USP-Big Sandy, and finds they have no relevance to the instant

7

complaint concerning plaintiff's confinement in, and transfer from, USP-LVN.

Notice and Show Cause Order to Plaintiff

For the reasons stated herein, the court concludes the complaint should be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) once plaintiff's prior fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff's motion for recusal (Doc. 3) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for the preservation and release of video evidence at USP-LVN (Doc. 4), and motion to preserve evidence at USP-Big Sandy (Doc. 8) are  denied without prejudice, and that plaintiff's motion for a ruling on all pending motions (Doc. 5) is now moot.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why his claims against defendants Bellar and Luthe should not be dismissed without prejudice, and why plaintiff's claims against all remaining USP-LVN defendants should not be dismissed as stating no claim for relief.

8

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 8th day of April 2009 at Topeka, Kansas.


　s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge