IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHARLES COSGROVE,

                    Plaintiff,

vs.                                         Civil Case No. 08-3200-SAC

BUREAU OF PRISONS, et al.,

                    Defendants.


ORDER

        This *Bivens* case comes before the court on the plaintiff's response to
the court's order for him to show cause why the case should not be
dismissed. In short, the plaintiff alleges that two guards, defendants Bellar
and Luthe, assaulted him at the United States Penitentiary in Leavenworth,
Kansas (USP-LVN), violating his Eighth Amendment right to be free from
the excessive use of force.[1] Plaintiff also claims that other USP-LVN

_____

        [1]A *Bivens* claim can be brought only against federal officials in their
individual capacities and cannot be asserted directly against the United
States, federal officials in their official capacities, or federal agencies.
*Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

defendants retaliated against him by thereafter causing him to be transferred to USP-Big Sandy.

The court granted plaintiff leave to proceed in forma pauperis without payment of an initial partial filing fee, denied his motion for recusal of the judge, denied his motions to preserve and release video evidence at USP-LVN (Doc. 4) and to preserve evidence at USP-Big Sandy (Doc. 8), and found other motions to be moot. Dk.11. Upon screening, the court concluded that the substantive complaint should be dismissed for failure to state a claim. *Id*. Accordingly, the court ordered the plaintiff to show cause why his claims should not be dismissed as stating no claim for relief. Plaintiff has timely responded to the show cause order.[2]

**Standard for dismissal**

The "standard for dismissal for failure to state a claim is essentially the same under" both FRCP Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). *Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir.), *cert. denied*, 534 U.S. 922, 122 S.Ct. 274, 151 L.Ed.2d 201 (2001). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to

---

[2]The plaintiff inaccurately captioned his response to the court's show cause order as a "motion." Dk. 12. Subsequent references to this document shall be to the plaintiff's response.

state a claim to relief that is plausible on its face." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly and not just speculatively has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

**IFP**

In ruling on the plaintiff's motion to proceed in forma pauperis, the court directed that any funds advanced to the court by the plaintiff must first be applied to plaintiff's outstanding fee obligations in other cases.[3] The court held that the plaintiff could proceed without payment of an initial partial filing fee in this case only until his prior fee obligations were

---

[3]In so doing, the court assumed, without deciding, that sequential withdrawal of funds was permissible and that simultaneous withdrawal of funds was not required. *Compare Samonte v. Frank, 517 F.Supp.2d 1238*, (D.Hawai'i, Sept. 27, 2007).

satisfied. In response, the plaintiff contends that he has seven or more actions pending, that "people on the street" usually pay his filing fees, and that his fee payments and collections should be "waived" until his release from prison, anticipated to be in December of 2009.

Plaintiff has shown no grounds for changing the court's prior ruling. "The PLRA is designed to require the prisoner to bear some marginal cost for each legal activity." *Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir.1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000)), *cert. denied*, 541 U.S. 1035 (2004).  That cost is designed to be paid while the prisoner is incarcerated and is not to be postponed until the prisoner is out of prison.

**Recusal**

Plaintiff once again requests that this court recuse himself from this proceeding based on this court's adverse decisions in plaintiff's prior cases. Plaintiff correctly frames the issue as whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *See* 28 U.S.C. § 455*, Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir.1995); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993).

4

Plaintiff alleges that his current appellate attorney in another case, Mr.

Myhre,[4] is a reasonable person who harbors doubts about this court's

impartiality, as evidenced by the following conclusion allegedly stated by

Mr. Myhre in the plaintiff's appellate brief:

> Since the district judge has twice dismissed Cosgrove's complaint in error, the first time *sua sponte* - and given the circumstances of the dismissals - the case should be reassigned to another judge on remand.

Dk. 12, p. 2.

The court does not agree that its prior rulings involving this plaintiff

warrant recusal. In *Nichols*, the Tenth Circuit listed several matters that

usually do not warrant recusal, including "...(3) prior rulings in the

proceeding, or another proceeding, solely because they were adverse...."

*Id.* As the United States Supreme Court has instructed:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

---

[4]Mr. Blain David Myher represents the plaintiff in Case No. 08-3101 (07-2125-SAC). In that case, the Tenth Circuit reversed this court on June 4, 2009.

*Liteky v. United States*, 510 U.S. 540 (1994).

The plaintiff has exercised his right to appeal in his other cases, and has achieved some success in so doing.  But an objective, reasonable observer knowing all the relevant facts would not perceive the court's rulings in petitioner's prior cases, even if erroneous, to be the product of partiality, bias or prejudice. Mr. Myhre is the plaintiff's attorney. He not an objective observer, but is an advocate for the plaintiff paid to zealously represent the plaintiff's interests on appeal. It is true that this court has "twice dismissed Cosgrove's complaint in error." *See Cosgrove v. Kansas Department of Social and Rehabilitation Services, et al*, No. 08-3101 (10th Cir. June 4, 2009). Nonetheless, the Tenth Circuit tacitly held that recusal was not warranted by remanding that case to this court, instead of mandating that it be assigned to another judge. Bearing in mind that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require," *Nichols*, 71 F.3d at 351, this court finds no reason for recusal.

**Guards Bellar and Luthe**

The court held that no cause of action under the Eighth Amendment arises against guards Bellar and Luthe until the plaintiff shows that the

6

disciplinary adjudications underlying his case have been overturned, reversed, or otherwise vacated. In response, the plaintiff states only that he is not challenging the disciplinary decision, and that he plaintiff wishes to bring a separate and independent Eighth Amendment claim.

The problem is that for the Plaintiff to succeed on his Eighth Amendment claim, the trier of fact would have to accept his version of the assault, *i.e.*, that these guards applied unnecessary and excessive force against him and then covered up this misconduct by filing false disciplinary reports against him, and reject the version of that incident which led to the plaintiff's disciplinary conviction. Such a finding would directly undermine the hearing decision which upheld the plaintiff's disciplinary conviction, including the sanction of loss of good time credits. Under the well-established law cited in the court's show cause order, no cause of action against these defendants arises because the plaintiff cannot show that the disciplinary adjudication has been invalidated. *See* cases cited at Dk. 11, p. 5-6. Plaintiff's claims against guards Bellar and Luthe must therefore be dismissed.

**Other defendants**

The court held that the plaintiff's claims of conspiracy and retaliation

are insufficient to state a valid claim for relief. In response, the plaintiff states that he was punished by increased custody classification transfer in retaliation for his exercise of a constitutionally protected activity. Plaintiff's claims are conclusory and provide no grounds for revisiting the court's conclusion that the plaintiff showed no causal connection between his protected activity and the adverse actions alleged.

IT IS THEREFORE ORDERED that the plaintiff's claims against defendants Bellar and Luthe are dismissed without prejudice, and that the plaintiff's claims against all remaining USP-LVN defendants are dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that all other orders made in the court's decision dated April 8, 2009 remain in full force and effect.

Dated this 11th day of June, 2009,  at Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, United States District Senior Judge